NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AUSTIN NASHAT DIAMOND, *Appellant.*

No. 1 CA-CR 17-0670
FILED 5-1-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201500910
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**C R U Z**, Judge:

¶1     This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Austin Nashat Diamond has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Diamond was convicted of theft, a Class 3 felony, and trafficking in stolen property in the first degree, a Class 2 felony. Diamond was given an opportunity to file a supplemental brief *in propria persona*, but he has not done so. After reviewing the record, we affirm Diamond's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2     We view the facts in the light most favorable to sustaining the convictions and sentences and resolve all reasonable inferences against Diamond. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3     In 2013, the two victims employed Diamond in their business in Fort Mohave and allowed him to stay in their home for short periods of time because he did not have a place to stay. By December 2013, Diamond had stopped staying at the house, and one of the victims noticed their two Omega watches were missing. There were no signs of a break-in. The other victim called the police and gave them the serial number of one of the missing watches. A few months later, she provided the other watch's serial number and notified the police that the victims had discovered several other items were missing from their home.

¶4     Because Diamond had previously mentioned to the victims that he went to pawn shops, the victims told the police to check the local pawn shops for Diamond's name. The next day, the police told the victims they had found two watches with the correct serial numbers by entering

Diamond's name into the Leads Online system.[1]  The police were only able to recover one of the watches from a pawn shop in Mohave County.  They were unable to recover the second watch.

**¶5**        The State indicted Diamond for theft, a Class 3 felony, and trafficking in stolen property in the first degree, a Class 2 felony, in August 2015.  It alleged Diamond committed the offenses while on felony probation and the aggravating factors of substantial value of the property taken, Diamond committed the offense in expectation of receipt of something of pecuniary value, the victims suffered emotional or financial harm, and Diamond was convicted of a felony offense within ten years prior to the commission of the offense.

**¶6**        After trial, a jury found Diamond guilty of both counts.  It also found Diamond committed the offenses while on probation for a conviction of a felony offense and in the expectation of the receipt of anything of pecuniary value.  The court found Diamond was convicted of a felony offense within ten years prior to the commission of the offense.  The superior court sentenced Diamond to 9.25 years' imprisonment for trafficking in stolen property and a concurrent sentence of 6.5 years' imprisonment for theft.  It also ordered Diamond to complete a term of one year and one month of community service and credited Diamond with 218 days served prior to sentencing.  Finally, it required Diamond to pay several fees[2] and $15,885.80 in restitution to the victims.

**¶7**        Diamond timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033.

## DISCUSSION

**¶8**        We review Diamond's convictions and sentences for fundamental error.  *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).  Counsel for Diamond has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law.  We have read and considered counsel's brief and fully reviewed the record for

---

[1]        The Leads Online system is a resource for pawn shops.  The shops enter items into the system, and law enforcement may look up items by serial number to discover who had pawned or sold the items and when.

[2]        $20 probation assessment; $13 assessment fee pursuant to A.R.S. § 12-116.04; $20 time payment fee pursuant to A.R.S. § 12-116.

reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Diamond at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Diamond's convictions and sentences.

¶9 Upon the filing of this decision, defense counsel shall inform Diamond of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Diamond shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶10 For the foregoing reasons, we affirm Diamond's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA